IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ravi Patel, ) | C/A No. 0:16-343-HMH-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| ) | |
| LR Thomas, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

    Petitioner Ravi Patel, a self-represented federal inmate in the custody of the Bureau of Prisons ("BOP"), filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion to dismiss or, in the alternative, motion for summary judgment. (ECF No. 12.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Patel was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 13.) Patel filed a response in opposition to the respondent's motion. (ECF No. 16.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion should be granted.

## BACKGROUND

    In his Petition, Patel challenges the execution of his sentence asserting that BOP improperly failed to make an individualized determination of his eligibility for placement in a Community Corrections Center ("CCC") under 18 U.S.C. §§ 3621 and 3624 and BOP Program Statement 7310.04. (See Pet., ECF No. 1 at 2-3; Suppl., ECF No. 9 at 2; Petr.'s Resp. Opp'n Mot. Dismiss,

ECF No. 16 at 2.) According to Patel, he should have been placed in the CCC beginning January 24, 2016, but he was not actually so placed until March 24, 2016, which affected his ultimate release date.

## DISCUSSION

**A.     Applicable Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the petition or complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the respondent or defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the petition or complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Additionally, summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the

existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Generally**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing



In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See In re Vial, 115 F.3d at 1194 n.5.

**C.     Respondent's Motion**

The respondent argues Patel failed to exhaust his administrative remedies before filing the instant Petition. Although § 2241 itself does not contain an exhaustion requirement, a prisoner must first exhaust his administrative remedies before bringing a claim under that statute. Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); see also Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 490-91 (1973) (stating that exhaustion also required under 28 U.S.C. § 2241); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court). An inmate's failure to exhaust his administrative remedies may only be excused upon a showing of cause and prejudice. Carmona, 243 F.3d at 634-35 (cited in McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004)).

Here, Patel concedes he did not exhaust his administrative remedies, but argues that his failure to do so should be excused on the basis of futility because of the time-sensitive nature of the issue. Patel presents no evidence supporting this statement and presents no cause or prejudice to warrant excusing his failure to exhaust his remedies. As the respondent points out, courts in this circuit addressing similar situations have squarely rejected Patel's argument. See Hughes v. Cloakely, Civil Action No. 5:15-08088, 2016 WL 744941, at *3 (S.D. W. Va. Feb. 3, 2016) (finding that an inmate should not be excused from exhaustion based on his belief that "the length of the exhaustion process will prevent the inmate from receiving the full 12 month RCC placement") adopted by 2016 WL 742121 (S.D. W. Va. Feb. 24, 2016); see also Yannucci v. Stansberry, C/A No. 2:08CV561, 2009 WL 2421546, *3 (E.D. Va. July 28, 2009) (stating that a petitioner's failure to

exhaust his remedies on a claim challenging the amount of RRC placement he received due to "lack of time" was not excused); Garrison v. Stansberry, No. 2:08cv522, 2009 WL 1160115, *3 (E.D. Va. Apr. 29, 2009) (same). Accordingly, Patel's Petition should be dismissed for failure to exhaust his administrative remedies.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion be granted. (ECF No. 12.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 28, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).